**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4706**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

AH-SHAY NICHOLSON,

               Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Terrence W. Boyle, District Judge.  (7:15-cr-00107-BO-1)

Submitted:  May 31, 2017               Decided:  June 23, 2017

Before SHEDD, DUNCAN, and FLOYD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ah-Shay Nicholson pleaded guilty, pursuant to a written plea agreement, to damaging or destroying, by means of fire or an explosive, a building owned or possessed by an organization receiving federal financial assistance, in violation of 18 U.S.C. § 844(f)(1) (2012). On appeal, Nicholson's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning the district court's calculation of the Sentencing Guidelines range. The Government has moved to dismiss on the basis of the appeal waiver contained in Nicholson's plea agreement. For the reasons that follow, we grant the motion and dismiss the appeal.

We conclude that the appeal waiver contained in Nicholson's plea agreement is valid, as he entered it knowingly and intelligently. *See United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). An appeal waiver generally is enforceable "if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012) (internal quotation marks omitted).

Nicholson waived the right to appeal his conviction and any sentence imposed within the Guidelines range established at sentencing. The district court calculated the Guidelines term to be 60 months, the statutory minimum, *see* 18 U.S.C. § 844(f)(1), and sentenced Nicholson accordingly. Nicholson's challenge to the calculation of the Guidelines range is therefore precluded by his valid appeal waiver.

In accordance with *Anders*, we have reviewed the entire record in this case for any potentially meritorious issues that might fall outside the scope of the waiver and have found

2

none.  We therefore grant the Government's motion and dismiss the appeal.  This court requires that counsel inform Nicholson, in writing, of the right to petition the Supreme Court of the United States for further review.  If Nicholson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Nicholson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*